Timothy J. WILLIS, Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

Daryl MacNEIL and Paul D. MacNEIL,
Plaintiffs-Appellees,

v.

UNITED STATES of America,
Defendant-Appellant.

Robert J. SEUFERT, Jr.,
Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 81, Docket 83–6098.

United States Court of Appeals,
Second Circuit.

Argued Sept. 16, 1983.

Decided Oct. 12, 1983.

Cheryl S. Fisher, Asst. U.S. Atty., Buffalo, N.Y. (Salvatore R. Martoche, U.S. Atty., W.D.N.Y., Buffalo, N.Y.), for defendant-appellant.

Kevin J. Sullivan, Buffalo, N.Y. (Paul William Beltz, P.C., Buffalo, N.Y.), for plaintiffs-appellees.

Before FEINBERG, Chief Judge, FRIENDLY and NEWMAN, Circuit Judges.

FRIENDLY, Circuit Judge:

Section 2401(b) of 28 U.S.C. states:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The accident giving rise to the claims of plaintiffs in these three actions under the

Federal Tort Claims Act occurred on December 13, 1979. The plaintiffs filed claims with the United States Postal Service on or about February 20, 1980. Final notice of denials was mailed to their attorney and received by him on July 7, 1980. For reasons which are unexplained in the record and we were unable to elicit at argument the actions were not brought until April 13, 1981, some nine months after the denial but only sixteen months after the accident. If the statute had used the word "and" to connect the two "unless" clauses, it would be too plain for discussion that the Government was entitled to have the actions dismissed as untimely. The issue is whether the result should be different because the statute uses the word "or".

To state the case in somewhat more detail, the plaintiffs alleged that they were injured on December 13, 1979, when a former postal jeep that had been purchased from the United States Postal Service in 1975 "flipped or fell over due to defect in [the jeep] among other things." Claims aggregating more than $8,000,000 were promptly filed with the Postal Service on or about February 20, 1980.[1] On July 3, 1980, in accordance with 39 C.F.R. § 912.9(a), an official in the Claims Division of the Law Department of the Postal Service sent a notice to the attorney for the claimants by certified mail finally denying the claims; on July 7 the attorney signed a form acknowledging receipt of the notice. The notice first took the position that any claim would have accrued in 1975 and was thus time-barred. It stated in the alternative that no evidence had been submitted to show any negligent or wrongful conduct on the part of postal employees; it claimed, on the contrary, that "[f]rom the reports by the investigating police officer and witness to the accident it appears that the accident resulted from the operation of the vehicle at an imprudent speed." The notice concluded:

Regulations require us to inform you that if your clients are dissatisfied with the final action on their claims, they may file suit against the United States in an appropriate United States District Court not later than six months from the date of this letter. [See 39 C.F.R. § 912.9.]

Actions against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 *et seq.*, were filed in the District Court for the Western District of New York on April 13, 1981. The United States moved to dismiss the actions as untimely since they had not been filed within six months after receipt of the final notices of denial. Plaintiffs answered by substantially taking the position that they ought not to be worse off than claimants who take full advantage of the two year period for filing claims with the agency and then file actions after receiving final notices of denial from the agency. Plaintiffs also cross-moved for leave to file new claims or to have second claims which had been filed on September 10, 1981 regarded as timely served and proper. The Postal Service had promptly denied these latter claims and plaintiffs instituted three new actions, which the United States moved to dismiss as duplicative of the initial actions.

Judge Elfvin denied the Government's motion to dismiss the initial actions in an opinion filed on February 25, 1983. Recognizing that the Government's position had been sustained in *Claremont Aircraft, Inc. v. United States,* 420 F.2d 896 (9 Cir.1969) and *Childers v. United States,* 442 F.2d 1299 (5 Cir.), *cert. denied,* 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971), he noted the absence of Second Circuit authority on the issue and thought a more liberal attitude toward claimants had been indicated by *Kelley v. United States,* 568 F.2d 259 (2 Cir.), *cert. denied,* 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978). Essentially he upheld claimants' contention that it would be inequitable to enforce the six months provision of § 2401(b) when suit had been

---

1. The three plaintiffs in these actions and Joseph Dotterweich, the owner and driver of the postal jeep, filed claims for approximately $2,000,000 each. Dotterweich was named by

the United States as a third-party defendant in the actions filed in the district court. He has not participated in the proceedings before this court.

brought within two years after the claim had accrued. In light of this decision he dismissed the new actions filed in September 1981 as duplicative. Finding that there was substantial ground for differences of opinion upon the controlling question of law he had decided, he certified his ruling for interlocutory appeal under 28 U.S.C. § 1292(b); this court accepted the certification and the Government appealed.

## DISCUSSION

Plaintiffs' argument proceeds from the premise that since "or" is a disjunctive, a person can prevail if he satisfies either condition specified in 28 U.S.C. § 2401(b). It is beyond dispute that "or" generally is a disjunctive. *E.g.*, The Random House Dictionary of the English Language 1011 (1973); Webster's Twentieth Century Dictionary 1257 (2d ed. 1968); Webster's Third New International Dictionary 1585 (1961). However, as stated in *Schuler v. United States,* 628 F.2d 199, 201 (D.C.Cir.1980) (en banc):

> Were we to read the "or" in the section as really intending the disjunctive, a claimant who filed a claim with the agency within two years would then be able to bring it to a District Court at any remote future time after the agency denied him relief.

It could also be said that such a reading would mean that there would be no time limitation on the filing of claims with agencies under 28 U.S.C. § 2675(a).

Apparently recognizing that the result of a strictly literal reading would be absurd, plaintiffs press the point that their actions were in fact filed well within the two year period allowed for filing a claim and still further within the period, which could considerably exceed two years and six months, if they had waited until the last day of that period. What plaintiffs are proposing, in substance, is that we read the second "unless" clause in § 2401(b) as saying "within six months of the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented or within two years after such claim accrues, whichever date shall be later." Such a reading

would eliminate the difficulty posited by the District of Columbia Circuit and the additional one we have mentioned. We have not hesitated to perform similar surgery upon statutory texts when convinced that we were thereby giving effect to what Congress meant as distinguished from what it said. See *Cabell v. Markham,* 148 F.2d 737 (2 Cir.) (L. Hand, J.), *aff'd,* 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165 (1945); *Cawley v. United States,* 272 F.2d 443 (2 Cir.1959) (L. Hand, J.); *J.C. Penney Co. v. C.I.R.,* 312 F.2d 65 (2 Cir.1962).

History provides the plaintiffs with somewhat more support than they or the district judge developed or than the other circuits that have dealt with the problem have indicated. Section 2401(b) has existed in its present form only since 1966. Section 403 of the Federal Tort Claims Act as originally enacted, 60 Stat. 842, 843 (1946), conferred authority upon the head of each federal agency to settle any claim for money damages against the United States accruing on or after January 1, 1945, of the sort as to which the United States had waived immunity under the FTCA, where the total amount of the claim did not exceed $1000. If a claim was presented, no suit could be instituted until final disposition, but the claimant could, upon fifteen days notice, withdraw the claim and commence suit, Federal Tort Claims Act, ch. 753, § 410(b), 60 Stat. 842, 844 (1946). The Act contained a statute of limitations, § 420, 60 Stat. at 845 (1946), reading as follows:

> Every claim against the United States cognizable under this title shall be forever barred, unless within one year after such claim accrued or within one year after the date of enactment of this Act, whichever is later, it is presented in writing to the Federal agency out of whose activities it arises, if such claim is for a sum not exceeding $1,000; or unless within one year after such claim accrued or within one year after the date of enactment of this Act, whichever is later, an action is begun pursuant to part 3 of this title. In the event that a claim for a sum not exceeding $1,000 is presented to a

Federal agency as aforesaid, the time to institute a suit pursuant to part 3 of this title shall be extended for a period of six months from the date of mailing of notice to the claimant by such Federal agency as to the final disposition of the claim or from the date of withdrawal of the claim from such Federal agency pursuant to section 410 of this title, if it would otherwise expire before the end of such period.

It is quite clear that under this language a claimant having a claim not exceeding $1,000 who brought suit within one year would not be time-barred even if, because of great expedition by the claimant in filing and by the agency in disposition, more than six months had elapsed between the agency's denial of the claim and the claimant's filing of suit. The basic period for suing or, in the case of a claim for $1,000 or less, for optional filing, was one year. An *additional* six months after denial was allowed those claimants with claims for $1,000 or less who chose to file with the agency in order that they should not be prejudiced by the agency's taking time to investigate the claim.

When Title 28 was revised in 1948, Pub.L. No. 80–773, 62 Stat. 869, it continued, in § 2672, 62 Stat. at 983, the authority of federal agencies to settle claims subject to the FTCA for $1,000 or less and the provision prohibiting suit on a claim so presented until withdrawal on fifteen days notice, § 2675(b), 62 Stat. at 983–84. The statute of limitations applicable to FTCA claims was recast as § 2401(b), 62 Stat. at 971, and read as follows:

A tort claim against the United States shall be forever barred unless action is begun thereon within one year after such claim accrues, or unless, if it is a claim not exceeding $1,000, it is presented in writing to the appropriate Federal agency within one year after such claim accrues. If a claim not exceeding $1,000 has been presented in writing to the appropriate Federal agency within that period of time, suit thereon shall not be barred until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or

the date of mailing notice by the agency of final disposition of the claim.

The Reviser's Notes state that this section "simplifies and restates [Federal Tort Claims Act, § 420, 60 Stat. at 845] without change of substance. Changes were made in phraseology." Reviser's Notes, Title 28 —United States Code, Judiciary and Judicial Procedure, 80th Cong., 2d Sess., 1948 U.S.Code & Ad.News 1487, 1914 (special pamphlet). Under this language also the one year provision was satisfied either by beginning an action or, in the case of claims of $1,000 or less, filing the claim with an agency within a year; an additional six months were provided for those holders of small claims who, having timely filed with the agency, had been delayed by it, including claimants who chose not to await final agency action and withdrew their claims pursuant to § 2675(b). No changes affecting the problem here at issue were made when the period of limitations was lengthened from one year to two, Act of Apr. 25, 1949, Pub.L. No. 81–55, § 1, 63 Stat. 62, 62, and the figure with respect to claims which agencies had power to settle and were required to be submitted them was raised from $1,000 to $2,500, Act of Sept. 8, 1959, Pub.L. No. 86–238, 73 Stat. 471, 471–72, although the former amendment made much more likely the occurrence of a situation like that here, namely, where suit would be brought within the statutory period for doing this but more than six months would have elapsed since denial by (or withdrawal from) the agency.

It is with this background that we come to the Second Session of the 89th Congress in 1966 which enacted H.R. 13650, 112 Cong. Rec. 12,258–59, a bill "to amend the Federal Tort Claims Act to authorize increased agency consideration of tort claims against the Government, and for other purposes." Pub.L. No. 89–506, 80 Stat. 306. The House Committee on the Judiciary made an extensive report on the bill, H.R.Rep. No. 1532, 89th Cong., 2d Sess. (1966), which the Senate Judiciary Committee adopted, S.Rep. No. 1327, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.Code Cong. & Ad.News 2515, 2523. The basic purpose of the bill was, as the

title implied, "to provide authority to the heads of Federal agencies for administrative settlement of tort claims against the United States." H.R.Rep. No. 1532, *supra,* at 3. The $2,500 limit was dropped from 28 U.S.C. § 2672, in favor of a provision that any award, compromise or settlement in excess of $25,000 should be made only with the approval of the Attorney General or his designee. Section 2675(a) now made final denial by an agency a prerequisite to suit, with the former provision permitting withdrawal by the claimant being replaced by a provision that failure by an agency to make final disposition of a claim within six months after filing "shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." The statute of limitations for FTCA actions was altered to the form in which it now appears in 28 U.S.C. § 2401(b), quoted at the outset of this opinion.

The new language differs significantly from the old. Under the old language a claimant's suit was always timely if brought within one or, later, two years. He needed to resort to the six months provisions only if, as the holder of a small claim, he had opted for the alternative procedure of filing with an agency within the one or two year periods and had thereby precluded himself from filing suit until denial or withdrawal, in which event an additional six months were allowed. Under the 1966 version the two year limitation is made applicable to the filing with an agency, now mandatory in all cases, and with the claimant precluded from instituting suit until final action by the agency (or his treatment of a delay of more than six months as a denial). Something had to be said about when suit must be brought, and it was—six months after denial. Since, in contrast to the old law, this is the only provision relating to the time of bringing suit, there is no textual basis for saying that a plaintiff who brings suit within the period allowed for filing claims has acted in a timely fashion.

Plaintiffs could retort that this overstresses legal niceties and that since the previous law had permitted suit within the one or two year period even if not within six months of denial and Congress continued to use the word "or", it did not consciously make any change. But the reports show that the concerned committees of Congress did so intend. The House report, H.R.Rep. No. 1532, *supra,* at 3, in stating the purpose of the legislation, says:

A claim would have to be filed with the agency concerned within 2 years after it accrues and any tort action must be brought within 6 months after final denial of the administrative claim.

The section-by-section analysis characterizes Section 7 as follows, *id.* at 5:

This section amends the provision of section 2401, the limitations section, to conform the section to the amendments added by the bill. The amendments have the effect of simplifying the language of section 2401 to require that a claimant must file a claim in writing to the appropriate Federal agency within 2 years after the claim accrues, and to further require the filing of a court action within 6 months of notice by certified or registered mail of a final decision of the claim by the agency to which it was presented.

The Senate report contains the same statement under the heading "PURPOSE", S.Rep. No. 1327, *supra, reprinted in* 1966 U.S.Code Cong. & Ad.News at 2515, and quotes the House's section-by-section analysis, *id., reprinted in* 1966 U.S.Code Cong. & Ad.News at 2522. The legislators thus knew exactly what they were doing; whether or not they were aware that they were changing the prior law is immaterial. Why the draftsman chose to use "or" in the bill, as distinguished from the crystal clear "and" of the committee reports, is indeed beyond our ken. It suffices to overcome plaintiffs' attempt to have us rewrite the statute that the committees had the "or" language of the bills before them and thought it meant "and". It is settled that "or" may be read to mean "and" when the context so indicates. See, e.g., *Union Insurance Co. v. United States,* 73 U.S. (6 Wall.) 759, 764, 18 L.Ed. 879 (1868); *De Sylva v. Ballentine,* 351 U.S. 570, 573–74, 76 S.Ct.

974, 976, 100 L.Ed. 1415 (1956);[2] *United States v. Moore,* 613 F.2d 1029, 1040 (D.C. Cir.1979), *cert. denied,* 446 U.S. 954, 100 S.Ct. 2922, 64 L.Ed.2d 811 (1980); 1A C. Sands, Sutherland Statutes and Statutory Construction § 21.14, at 91 (4th ed. 1972). Moreover, there is good reason for Congress to wish that such a claim be presented as soon as is possible with fairness to the claimant; if the claim has been filed and the agency has acted so promptly that suit can be instituted before two years after the accident, common sense and expediency would require this. Under these circumstances we may not properly supply the additional language that would be needed to embrace plaintiffs' actions and still leave the statute making sense.[3]

It remains only to mention two other arguments made by the plaintiffs. Unlike the district judge, we do not see how their case is aided by *Kelley v. United States, supra,* 568 F.2d 259. *Kelley* held only that 28 U.S.C. § 2675(a), requiring initial presentation of "a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment", did not apply to an action instituted in a state court against Government employees for injury resulting from their driving motor vehicles within the scope of the employment, for which the Government had assumed responsibility and which it had caused to be removed as provided in 28 U.S.C. § 2679(b), (d). 568 F.2d at 262–68. The question how far 28 U.S.C. § 2401(b) applied to such an action was expressly reserved, *id.* at 268. There is equally little force in the contention that

plaintiffs could escape the consequences of their failure to bring suit within six months of the denial of their claims by filing new claims within the allowable two year period. If Congress mandated that suit be brought within six months after administrative denial of a claim, as we hold that it did, the bar cannot be avoided by starting all over again.

The order denying the Government's motion to dismiss the actions as time-barred is reversed, with instructions to dismiss the complaints.

---

**2.** Justice Harlan observed, 351 U.S. at 573, 76 S.Ct. at 976, that "the word 'or' is often used as a careless substitute for the word 'and'; that is, it is often used in phrases where 'and' would express the thought with greater clarity."

**3.** While so holding we must express our concern that the executive and legislative branches have allowed this ambiguity to flourish for some 15 years after it had surfaced in *Claremont Aircraft, Inc. v. United States, supra.* The existing language may cause hardship to

litigants acting *pro se* or represented by inexpert counsel, although this risk is diminished by the warning required to be contained in the notices of denial, and might even lead to an intercircuit conflict. Granted that Congress has decidedly more serious concerns, there must be time over 15 years for the Department of Justice to secure passage of a bill that would substitute "and" for "or" when the former so much more clearly says what Congress meant and the proposal thus is truly noncontroversial.