Darrell **CLARK** and Shanna Clark, Individually and a/n/f Kennedi Clark, a Minor, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

No. 4:96cv34.

United States District Court, E.D. Texas, Sherman Division.

July 3, 1996.

Order on Reconsideration
Aug. 1, 1996.

Carol Phillips Lomax, Branton & Hall, San Antonio, TX, for Darrell Clark, Shanna Clark.

James G. Touhey, Jr., U.S. Dept. of Justice, Washington, DC, James W. Jennings, Jr., U.S. Atty., San Antonio, TX, for U.S.

## MEMORANDUM OPINION and ORDER

PAUL N. BROWN, District Judge.

Pending before the Court is Defendant's motion to dismiss Plaintiffs' claims for injuries arising out of military service pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court having considered the motion, response, reply, and complaint is of the opinion that the motion should be granted.

### BACKGROUND

Darrell Clark ("Clark") served as a sergeant in the United States Army in Saudi Arabia during Operation Desert Storm. Clark received shots and medication from the Army while on active duty. Upon returning home, he and his wife conceived a child which was born to them on September 14, 1992. The child ("Kennedi") suffered from a number of serious birth defects which Plaintiffs allege were caused by Clark's exposure to the toxins he encountered while serving in Saudi Arabia combined with the medications and shots he received from the U.S. Army.[1] Clark filed a claim under the Federal Tort Claims Act ("FTCA"). His claim was denied and he subsequently brought suit in this Court under the FTCA §§ 1346(b), 1402(b), 2401(b), 2402, and 2671–2680.

On April 22, 1996, Defendant filed its motion under FED. R. CIV. P. 12(b)(1) contending that this Court lacks subject matter jurisdiction. Specifically, Defendant argues this case was not timely filed. Further, Defendant argues sovereign immunity has not been waived and thus Plaintiffs' claim is barred. Finding both of Defendant's arguments true, the Court is of the opinion that the motion should be granted.

---

1. Plaintiffs' complaint alleges that Clark served in the United States Army during the Persian Gulf War. However, Plaintiffs filed their claim with the United States Air Force. The record before the Court does not explain why the claim was filed with the Air Force and not the Army, but since neither party contends that this procedure was improper the Court will not address this.

## DISCUSSION

### I. *Plaintiffs's Claim is not Timely.*

■ Defendant argues that Plaintiffs filed suit in this Court prematurely because Plaintiffs have not exhausted all their administrative remedies. An action which is instituted prior to the exhaustion of administrative remedies under the FTCA must be dismissed. 28 U.S.C. § 2675(a). Federal agencies have six months after the filing of a timely request for reconsideration within which to finally dispose of an administrative claim under the FTCA. 28 C.F.R. § 14.9(b) (Attorney General's regulations governing FTCA administrative claims); 32 C.F.R. § 842.87(c) (U.S. Air Force regulations).

In its brief in support of its motion to dismiss, the United States indicated that less than six months prior to filing this suit, Plaintiffs submitted a notice of appeal to the U.S. Air Force requesting that it reconsider its final denial of Plaintiffs' claim. At the time this case was filed, no action had been taken on Plaintiffs' request. Attached documents show this is true. *See Defendant's exhibits* A and B. Plaintiffs do not contest this. As Plaintiffs' brief states: "Plaintiff [sic] would therefore not object to the dismissal of this claim without prejudice to re-file same should the reconsideration of the FTCA claim be denied." Accordingly, the Court finds Plaintiffs' case was not timely filed and Defendant's motion should be granted.

### II. *Plaintiffs' Claim is Barred By Sovereign Immunity.*

#### A. *The Feres Doctrine*

■ Defendant contends this case is barred because the United States has not waived sovereign immunity under the FTCA for claims arising from military service. Claims for injuries which arise out of or in the course of activities incident to military service are not waived under the FTCA. *Feres v. U.S.*, 340 U.S. 135, 136–45, 71 S.Ct. 153, 155–158, 95 L.Ed. 152 (1950); *Stencel Aero Engineering Corp. v. U.S.*, 431 U.S. 666, 669–71, 97 S.Ct. 2054, 2057, 52 L.Ed.2d 665 (1977); *U.S. v. Johnson*, 481 U.S. 681, 685–88, 107 S.Ct. 2063, 2066–67, 95 L.Ed.2d 648 (1987). Plaintiffs contend the *Feres* doctrine should not apply to the facts in this case because Kennedi's injury is not service connected.

Contrary to Plaintiffs' position, the 5th Circuit has consistently held that the *Feres* doctrine applies to injuries allegedly sustained by a spouse or child of a soldier incident to service. In *Scales v. U.S.*, 685 F.2d 970, 974 (5th Cir.1982), the 5th Circuit held the *Feres* doctrine barred a claim by a child born with congenital rubella syndrome allegedly as a result of vaccines pregnant servicewomen received. Similarly, the 5th Circuit held the *Feres* doctrine barred a claim by a spouse who allegedly suffered miscarriages as a result of chromosomal damage inflicted on her because her husband, a serviceman, had been exposed to radiation. *Gaspard v. U.S.*, 713 F.2d 1097, 1101–02 (5th Cir.1983), *cert. denied sub nom., Sheehan v. U.S.* 466 U.S. 975, 104 S.Ct. 2354, 80 L.Ed.2d 826 (1984). Other Circuit courts have reached similar conclusions. *See Hinkie v. U.S.*, 715 F.2d 96, 98–99 (3d Cir.1983), *cert. denied*, 465 U.S. 1023, 104 S.Ct. 1276, 79 L.Ed.2d 680 (1984); *Lombard v. U.S.*, 690 F.2d 215, 223–226 (D.C.Cir.1982), *cert. denied*, 462 U.S. 1118, 103 S.Ct. 3086, 77 L.Ed.2d 1347 (1983); *Laswell v. Brown*, 683 F.2d 261, 269 (8th Cir.1982), *cert. denied sub nom., Laswell v. Weinberger*, 459 U.S. 1210, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983); *Monaco v. U.S.*, 661 F.2d 129, 133–34 (9th Cir. 1981), *cert. denied*, 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982).

■ In their complaint Plaintiffs allege the birth defects Kennedi suffered had their genesis in service-related injuries of a soldier. Plaintiffs' claim that pyridostigmine tablets and injections were negligently administered and pesticides were negligently issued to Clark, a soldier on active duty, who was also exposed to other chemical agents. As a result Plaintiffs allege Kennedi was born with severe birth defects. Because the United States has not waived sovereign immunity under the FTCA for these types of injuries, Defendant's motion should be granted on this ground.

#### B. *Discretionary Function*

Additionally, Defendant argues that Plaintiffs' claim is barred because the decision to

administer certain drugs to soldiers was a policy decision. Defendant contends that the United States retains sovereign immunity on claims relating to discretionary policy decisions by the military.

 Under 28 U.S.C. § 2680(a) the United States retains sovereign immunity on claims which arise from military decisions involving the exercise of policy judgments. *Boyle v. United Technologies Corp.*, 487 U.S. 500, 510–12, 108 S.Ct. 2510, 2518, 101 L.Ed.2d 442 (1988). In *Boyle*, the Court characterized discretionary decisions as ones that require "the balancing of technical, military, and even social considerations, including specifically the trade-off between greater safety and greater combat effectiveness." *Id.*

The case before this Court falls within this exception. Plaintiffs contend that without the soldiers' consent unapproved drugs were administered to soldiers deployed in Saudi Arabia. Plaintiffs further contend the government knew these drugs caused birth defects. Assuming *arguendo* Plaintiffs are correct in this assertion, the Court finds that the government nevertheless had to determine if the risk of chemical attacks from Iraq was sufficiently great to warrant the risk to soldiers of administering unapproved drugs which might cause birth defects. This required the government to balance the likelihood that such weapons would be used, the harm that might result if chemical weapons were used, the probability that the drugs administered to soldiers might provide protection against chemical attacks, and the considerations concerning possible side effects soldiers or their children might suffer as a result of using the drugs. These factors are exactly the type of "military, technical, and social considerations" the Court found in *Boyle* to be exceptions to the FTCA. Thus, the Court finds Defendant's motion should be granted on this ground.

### C. *Combatant Activities*

Finally, Defendant further claims this suit is barred because this case arises out of wartime activities by the military. Defendant argues that the United States retains sovereign immunity in such cases.

 Title 28 United States Code, section 2680(j) does not allow a plaintiff to sue the United States for claims which arise out of activities with military forces during war time. It is well established law that a formal declaration of war by Congress is not necessary for 28 U.S.C. § 2680(j) to apply. *Koohi v. United States*, 976 F.2d 1328, 1334 (9th Cir.1992); *Rotko v. Abrams*, 338 F.Supp. 46, 47 (D.Conn.1971), *aff'd*, 455 F.2d 992 (2d Cir.1972) (affirming on basis of district court opinion); *Vogelaar v. U.S.*, 665 F.Supp. 1295, 1302 (E.D.Mich.1987); *Morrison v. U.S.*, 316 F.Supp. 78, 79 (M.D.Ga.1970). As the court in *Koohi* made clear "[N]o one can doubt that a state of war existed when our armed forces marched first into Kuwait and then into Iraq." *Id.* Thus, the Court finds Plaintiffs' alleged injury is barred because sovereign immunity is not waived for injuries relating to Clark's combatant service. Accordingly, Defendant's motion should be granted on this ground as well.

### CONCLUSION

For the reasons stated above, Defendant's motion to dismiss for lack of subject matter jurisdiction should be granted.

IT IS SO ORDERED.

### ORDER

On this day came on for consideration Motion to Reconsider Memorandum Opinion and Order filed by the plaintiffs. The Court having considered the motion and response thereto, is of the opinion that the motion should be granted in part and denied in part.

In their motion, plaintiffs contend that their claims should have been dismissed without prejudice instead of with prejudice. In support of this contention plaintiffs allege that their administrative claim, SF–95, is being reconsidered by the United States Air Force. It was not the Court's intention to prejudice plaintiffs' right to have their administrative claim SF–95 reconsidered by the United States Air Force. The Court's Memorandum Opinion and Order filed on July 3, 1996, should be amended to dismiss all of plaintiffs' claims with prejudice, except to the extent any of such claims are being reconsidered in administrative claim SF–95 by the

United States Air Force. These claims should be dismissed without prejudice.

IT IS SO ORDERED.