Deborah SWEENEY, et al., Plaintiff,

v.

**AMERICAN REGISTRY OF PATHOLOGY, et al., Defendants.**

No. CIV.A. 00–2390PLF.

United States District Court, District of Columbia.

Sept. 29, 2003.

Bruce J. Klores, Klores & Associates, Washington, DC, for Plaintiffs.

Robert B. Cave, Hogan & Hartson, Wallace A. Christensen, Ross Dixon & Bell, Catherine J. Finnegan, U.S. Dept. of Justice, Civil Division, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

The Court has before it defendant United States' motion to dismiss for lack of subject matter jurisdiction. Upon consideration of defendant's motion, plaintiffs' opposition and defendant's reply, the Court concludes that the motion to dismiss must be denied. The Court also has before it plaintiffs' cross-motion to strike the defense that the amount recoverable against the United States is capped at $1,650,000.00. Upon consideration of plaintiffs' motion and defendant's opposition, the Court concludes that the motion to strike must also be denied.

## I. BACKGROUND

Plaintiff Deborah Sweeney had pap smears taken at Seymour Johnson Air Force Base in March 1996 and April 1997 as routine screening for cervical cancer. Both were reported as normal. Plaintiffs' Opposition to Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Pl.Opp.") at 1.[1] In November 1997, Ms. Sweeney was diagnosed with cervical cancer. Amended Complaint ¶ 10.

In May 1999, Richard Mu, the Sweeneys' attorney, filed a Standard Form 95 Claim for Damage, Injury, or Death ("SF–95"), stating as the basis of claim "failure to diagnose cervical cancer as a result of misreading of a pap smear taken at Seymour Johnson Air Force Base on April 4, 1997." Pl. Opp., Exh. 1. On August 16, 1999, in response to a request for additional information by Captain Kurt Springer, the United States Air Force Claims Officer, Mr. Mu sent Ms. Sweeney's medical records to Captain Springer. See Pl. Opp., Exh. 2. This included 23 pages of records from Seymour Johnson Air Force Base covering the time period from March 21, 1996 through September 12, 1997. See id. at 2. The pathology reports from both the 1996 and 1997 pap smears were included in those records. See Pl. Opp. at 8. Also in August, Mr. Mu orally advised Captain Springer that he had a preliminary opinion that both the 1996 and 1997 pap smears were not "done correctly." Id. Prior to November 1999, Mr. Mu repeatedly requested the two pap smear slides both orally and in writing, but his expert never had the opportunity to review them until April 14, 2000. See id. at 8, Exh. 5. In May 2000, after receiving his expert's opinion that the slides had been negligently interpreted, Mr. Mu filed an "Amended SF–95" which described the basis of claim as "[f]ailure to diagnose cervical cancer as a result of a misreading of pap smears taken at Seymour Johnson Air Force Base

---

1. To the extent that this opinion discusses facts not alleged in plaintiffs' amended complaint, and to the extent that the United States does not dispute the factual allegations in plaintiffs' opposition to defendant's motion to dismiss, only the opposition is cited.

on March 21, 1996 and April 4, 1997." *Id.*, Exh. 7. The Amended SF–95 stated the amount of claim as $1,650,000.00. *See id.*

## II. DISCUSSION

### A. Motion to Dismiss

A motion to dismiss should not be granted unless plaintiffs can demonstrate no set of facts that supports their claim entitling them to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1117 (D.C.Cir.2000). In evaluating the motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiffs. *See Harris v. Ladner,* 127 F.3d 1121, 1123 (D.C.Cir.1997). While the complaint is to be construed liberally, the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept the plaintiffs' legal conclusions. *See National Treasury Employees Union v. United States,* 101 F.3d 1423, 1430 (D.C.Cir.1996); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994).

Although a district court may dispose of a motion to dismiss on the basis of the complaint alone, a court may consider materials beyond the pleadings when evaluating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. "[W]here necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. National Academy of Sciences,* 974 F.2d 192, 197 (D.C.Cir.1992). This Court has interpreted *Herbert* to allow a court to "consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections and Ethics,* 104 F.Supp.2d 18, 22 (D.D.C.2000) (Kennedy, J.) (citing *Herbert v. National Academy of Sciences,* 974 F.2d at 197), *aff'd Scolaro v. D.C. Bd. of Elections and Ethics,* No. 00–7176, 2001 WL 135857, at *1 (D.C.Cir. Jan. 18, 2001); *see also Ass'n of Merger Dealers, LLC v. Tosco Corp.,* 167 F.Supp.2d 65, 69 (D.D.C.2001) (Hogan, C.J.) (same); *Rann v. Chao,* 154 F.Supp.2d 61, 64 (D.D.C.2001) (Urbina, J.) (same).[2]

Defendant maintains that plaintiffs' medical malpractice claim against the United States is time-barred under Section 2401(b) of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b). *See* Memorandum in Support of Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Def.Mot.") at 2. Defendant argues that the original SF–95 did not give adequate notice of plaintiffs' current claims because it mentioned only the 1997 pap smear, not the 1996 pap smear which is the basis of plaintiffs' amended complaint. *See* Def. Mot. at 6–7. Defendant argues that the May 2000 SF–95 is invalid because it was filed after the two year statute of limitations imposed by the FTCA had expired. *See id.* Plaintiff replies that the May 1999 SF–95 provided the defendant with adequate notice, that the defendant had constructive notice of the 1996 pap smear, and that the SF–95 was properly amended in May 2000.

---

**2.** In this case, both plaintiffs and the defendant have filed affidavits, correspondence and other supplemental materials that contain largely undisputed facts. The Court finds it helpful and productive to consider these materials in analyzing the jurisdictional issues presented.

4

■ The FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 29 U.S.C. § 2401(b). A claim accrues once the injured party knows both the fact of his injury and its cause. *See United States v. Kubrick,* 444 U.S. 111, 122, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); *Sexton v. United States,* 832 F.2d 629, 633 (D.C.Cir.1987). Plaintiffs' claims accrued for statute of limitations purposes in November 1997 when Ms. Sweeney was diagnosed with cervical cancer. Plaintiffs therefore had until November 1999 to present their claim to the Air Force.

■ The parties dispute whether an adequate claim for plaintiffs' injuries was timely presented. A jurisdictionally adequate presentment is one which provides the agency with "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." *GAF Corporation v. United States,* 818 F.2d 901, 905 (D.C.Cir.1987). The court in *GAF* noted that "[t]he requirement of presentment [Congress] imposed on claimants was solely for the purpose of expediting settlement of claims in those instances where settlement was appropriate." *Id.* at 918. The requirement "imposes on claimants a burden of notice, not substantiation, of claims." *Id.* at 919.

It was clear from the May 1999 SF–95 that plaintiffs were claiming damages resulting from defendant's failure to diagnose Ms. Sweeny's cervical cancer. This knowledge allowed the Air Force to begin its own investigation of the allegations. While the SF–95 mentioned only the April 1997 pap smear, the medical records that Mr. Mu provided to Captain Springer in August 1999 contained the results of both the 1996 and 1997 pap smears. It was not unreasonable to presume that the Air Force would examine the 23 page medical history from Seymour Johnson Air Force Base during its investigation of plaintiffs' claims. *Cf. Bembenista v. United States,* 866 F.2d 493, 499 (D.C.Cir.1989) (notice was not adequate where facts of medical malpractice claim were contained in over 400 pages of medical records and SF–95 described only a claim for sexual assault). In addition, Mr. Mu had numerous conversations with Captain Springer involving the March 1996 pap smear. This is not to suggest that an oral presentation suffices to provide adequate notice. *See Lacey v. United States,* 74 F.Supp.2d 13, 17 (D.D.C. 1999) (citing *GAF Corp. v. United States,* 818 F.2d at 919). "Where a claimant makes a reasonable effort to notify federal agencies of a claim ... and the Government takes no action to apprise the claimant of objections to the presentment within the six-month time period it has to make final disposition of the claim, it seem to us in the very least, that such delay qualifies the force of the Government's objections when it subsequently moves for dismissal on the ground that the presentment was inadequate for its investigative purposes." *GAF Corp. v. United States,* 818 F.2d at 915–16.

■ The Court finds that the May 1999 SF–95, along with the medical records provided to the Air Force, constituted adequate notice of plaintiffs' current claim and that such notice was timely presented. Because the Court has concluded that adequate notice was provided prior to the November 1999 expiration of the statute of limitations, it is unnecessary to reach the question of whether the May 2000 SF–95 validly amended the May 1999 SF–95. Defendant's motion to dismiss is denied.

### B. *Motion to Strike Defense*

■ The United States' answer to plaintiffs' first amended complaint raised the

affirmative defense that "[p]laintiffs' recovery, if any, is limited to the amount sought administratively." Answer at 4. Plaintiffs maintain that the amount sought was amended by their complaint and first amended complaint and that the defense therefore should be struck. *See* Pl. Opp. at 24. Defendant correctly objects that plaintiffs' motion is untimely because it was not filed within 20 days of service of defendant's answer. *See* Fed.R.Civ.P. 12(f).

 Even if plaintiffs' motion were timely, motions to strike portions of pleadings are generally viewed with disfavor. *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.,* 647 F.2d 200, 201 (D.C.Cir.1981). Section 2675(b) of the FTCA provides:

> Actions under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b). The United States' attempt to raise a defense based on Section 2675(b) is not clearly "irrelevant" or "frivolous," *SEC v. Gulf & Western Indus.,* 502 F.Supp. 343, 348 (D.D.C.1980), or in the words of the rule, "insufficient." Fed R. Civ. P. 12(f). "If an affirmative defense ... presents substantial questions of fact or law, the motion [to strike] should be denied." *SEC v. Gulf & Western,* 502 F.Supp. at 345. Moreover, since any trial against the United States will be a bench trial, the Court can consider and decide the merits of the United States' defense as a matter of law at the time of trial. Plaintiffs' motion to strike therefore is denied.

Based on the foregoing reasoning, it is hereby

ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction [163–1] is DENIED, and it is

FURTHER ORDERED that plaintiffs' motion to strike the defense that the amount recoverable against the United States is capped at $1,650,000.00 [168–1] is DENIED as untimely.

SO ORDERED.