STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY a/s/o Alexander Esposito, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV–03–162 (NGG).

United States District Court, E.D. New York.

July 23, 2004.

Jonathan Herman Kaufman, Serpe, Andree & Kaufman, Huntington, NY, for Plaintiff.

Catherine Mary Mirabile, U.S. Attorney's Office, Brooklyn, NY, for Defendant.

*MEMORANDUM AND ORDER*

GARAUFIS, District Judge.

State Farm Mutual Automobile Insurance Company ("plaintiff"), as subrogee of Alexander Esposito ("plaintiff's subrogor"), filed this civil action against the United States of America ("defendant") under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2401(b), 2671 *et seq.* The defendant has moved to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1). The plaintiff has filed a cross-motion seeking an enlargement of time to perfect process under FRCP 6(b)(2). For the following reasons, both motions are denied.

## I. STANDARD OF REVIEW

When considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material factual allegations in the complaint and refrains from drawing "argumentative inferences" in favor of the party contesting jurisdiction. *Atlantic Mut. Ins. Co. v. Balfour Maclaine Intern. Ltd.*, 968 F.2d 196, 198 (2d Cir.1992) (internal citations omitted). Moreover, under FRCP 12(b)(1), the court may consider evidentiary matters presented outside the pleadings, by affidavit or otherwise. *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986). For the purpose of considering this motion, the court has considered as true all the material factual allegations in the plaintiff's complaint. The court has also considered the various affidavits presented by the parties. Since the motions filed concern the subject matter jurisdiction of the court, this Memorandum and Order is limited to the question of jurisdiction.

## II. BACKGROUND

### A. Factual and Procedural History

On August 21, 2000, the plaintiff's subrogor was lawfully driving his motor vehicle across the Verrazano Bridge, in Kings County, New York. Plaintiff's Complaint ("Pl.Compl.") at ¶ 3; Plaintiff's Memorandum of Law ("Pl.Br.") at Exhibit ("Ex.") A. The plaintiff's subrogor's motor vehicle was negligently struck by a vehicle owned by the Navy and operated by an employee of the Navy acting within the scope of his employment. Pl. Compl. at ¶ 4. The plaintiff's subrogor sustained property damage and personal injuries. Pl. Br. at 4. On August 20, 2002, the plaintiff filed a "Notice of Claim" with a Tort Claim Administrator of the United States Department of Navy ("Navy"). Pl. Br. at 4, Ex. B. In the Notice of Claim, the plaintiff included an accident report, the plaintiff's payout sheet to the plaintiff's subrogor, calculations of the plaintiff's subrogor's lost wages, as well as the plaintiff's subrogor's application for a no-fault insurance payment from the plaintiff. *Id.*

On September 24, 2002, the Navy denied the plaintiff's claim for recovery, indicating that the defendant could not be held liable under the New York State "no fault" automobile insurance statutes, because no corresponding Federal statute existed. Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint ("Def. Br.") at 2; Declaration of Gregory R. McCracken ("McCr. Decl.") at Ex. B. In its letter denying the plaintiff's claim, the Navy indicated that the plaintiff "may file suit in the appropriate Federal District

Court not later than six months after the date of the mailing of this notification." McCr. Decl. at Ex. B. On October 10, 2002, the Navy received the plaintiff's written request for reconsideration of the Navy's decision. Def. Br. at 2; McCr. Decl. at Ex. C. On November 4, 2002, the Navy granted the plaintiff's request for reconsideration, referring in its correspondence to a conversation with the plaintiff's attorney regarding reconsideration. McCr. Decl. at Ex. D. The Navy requested additional information from the plaintiff. *Id.* The plaintiff states that it "does not have" the letter granting reconsideration. Pl. Br. at 5.

On January 10, 2003, the plaintiff filed a complaint in the United States District Court for the Eastern District of New York, seeking relief under the FTCA. Pl. Br. at 5, Ex. E. On March 11, 2003, the Navy reversed its reconsideration of the plaintiff's claim, indicating that it did so because the plaintiff had filed suit. McCr. Decl. at Ex. E. On February 27, 2004, the defendant moved to dismiss the plaintiff's complaint for lack of subject matter jurisdiction.

**B. The FTCA's Jurisdictional Requirements**

The United States of America, as sovereign, is immune from suit "save as it consents to be sued." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Accordingly, the United States can only be sued to the extent that it has waived its sovereign immunity by statute. *See Millares Guiraldes de Tineo v. United States,* 137 F.3d 715, 719 (2d Cir.1998), *citing Sherwood,* 312 U.S. at 586, 61 S.Ct. 767. The FTCA, which authorizes tort claims against the United States, "constitutes a limited waiver by the United States of its sovereign immunity." *Haughton v. F.B.I.,* 1999 WL

1133346, at *4 (S.D.N.Y. Dec.10, 1999) (Jones, *J.*), *quoting Millares,* 137 F.3d at 719; *see also Glover v. United States,* 111 F.Supp.2d 190, 192 (E.D.N.Y.2000). In order to properly maintain a claim under the FTCA, a plaintiff must "comply with several strictly construed prerequisites to suit." *Glover,* 111 F.Supp.2d at 192, *citing Johnson v. Smithsonian Inst.,* 189 F.3d 180, 189 (2d Cir.1999) (internal citations omitted). There are several such presentment requirements in the FTCA. *See Willis v. United States,* 719 F.2d 608, 611–12 (2d Cir.1983).

Under 28 U.S.C. § 2675(a), an action may not be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." Such a claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The claim filed must include a request for damages that constitutes a "sum certain." *Adams ex rel. Adams v. U.S. Dept. of Hous. and Urban Dev.,* 807 F.2d 318, 320 (2d Cir.1986), *citing Keene Corp. v. United States,* 700 F.2d 836, 841–42 (2d Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983); *see also 55 Motor Ave. Co. v. Liberty Indus. Finishing Corp.,* 885 F.Supp. 410, 417 (E.D.N.Y. 1994). A complaint may be filed in federal court only during the first six months after the agency mails the claimant a notice of its final denial of the claim. 28 U.S.C. § 2401(b). In order for a court to have jurisdiction over a claim under the FTCA, all of these requirements must be met. *See McNeil v. U.S.,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir.1994); *see*

*also Willis,* 719 F.2d at 611–12. Failure to comply with these jurisdictional requirement results in the plaintiff's claim being "forever barred." 28 U.S.C. § 2401(b).

## III. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

### A. Presentment Requirements

■ The defendant claims that the plaintiff failed to meet the presentment requirements of the FTCA. The requirements of presentment under 28 U.S.C. § 2675(a) demand that the plaintiff provide the Federal agency with (1) notice of his claim sufficient to enable the agency to investigate, and (2) a sum certain for his claim. *See Romulus v. United States,* 983 F.Supp. 336, 340 (E.D.N.Y.1997) (discussing presentment requirements under 28 U.S.C. § 2675(a) as understood in the Second Circuit); *see also Johnson ex rel. Johnson v. United States,* 788 F.2d 845, 848–49 (2d Cir.1986) (holding that presentment is met when notice provides adequate information to enable agency investigation), *overruled on other grounds by Sheridan v. United States,* 487 U.S. 392, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988). In the instant case, the plaintiff has adequately met the presentment requirements of notice and a sum certain, under 28 U.S.C. § 2675(a).

The defendant appears not to contend that the "sum certain" component of the presentment requirements was not met. In the instant case, the plaintiff provided the Navy with a notice of claim that included a sum certain. Pl. Br. at Ex. B. The agency was given notice that the defendant's employee negligently struck the plaintiff's subrogor and that the plaintiff was seeking $14,817.49 in damages. *Id.* The defendant does, however, contest the sufficiency of the notice received. Specifi-

cally, the defendant claims that the plaintiff "failed to provide the Navy with information to permit the agency to conduct an investigation and estimate the claim's worth." Def. Br. at 8, *citing* McCr. Decl. at ¶ 7. The defendant urges the court to dismiss the complaint for lack of subject matter jurisdiction due to this alleged lack of notice. Def. Br. at 7.

To properly consider this argument, the court must look at the distinction that has been commonly drawn between the presentment requirements of 28 U.S.C. § 2675(a) and the settlement regulations promulgated under 28 U.S.C. § 2672. *See Romulus,* 983 F.Supp. at 339–40. Under 28 U.S.C. § 2672, the Attorney General may promulgate regulations by which the heads of Federal agencies may "consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States" under the FTCA. Following the lead of the Fifth Circuit in *Adams v. United States,* 615 F.2d 284, 289 (5th Cir.1980), several circuits have determined that a plaintiff need not comply with all the regulations promulgated under § 2672 in order for a court to have jurisdiction over a subsequent FTCA claim. *See Romulus,* 983 F.Supp. at 340 (citing the various circuits, as well as courts in the Second Circuit, that have adopted this approach). The Second Circuit has not decided whether these regulations are jurisdictional in nature. *See Keene,* 700 F.2d 836, 842, n. 9.

Whether or not these requirements are jurisdictional in nature, meeting them can help to provide an agency with the notice required under 28 U.S.C. § 2675. This is because the adequacy of notice to an agency is dependent upon the sufficiency of information provided by the plaintiff. Sometimes, if the information is vague, or suggestive of a vast array of possible claims, the information provided by the

plaintiff gives no notice to the agency. Accordingly, the First Circuit has held that failure to provide adequate documentation can be fatal to the presentment requirement of § 2675(a). *See Swift v. United States*, 614 F.2d 812, 813–14 (1st Cir.1980) ("counsel's failure to provide the requested information or in the alternative to notify the agency that the personal injury claim would not be pursued, prevented the agency from further evaluating the claim for settlement purposes, the very reason for the stringent claim requirements set forth in 28 U.S.C. § 2675(a)"). On the other hand, other circuits have held that the jurisdictional requirements of § 2675 are not implicated by a plaintiff's failure to provide information that the agency has demanded. *See Charlton v. United States*, 743 F.2d 557, 560–61 (7th Cir.1984) ("An agency cannot prevent litigation by requesting more information pursuant to 28 C.F.R. § 14.4(b) and, upon failure of a claimant to provide the information, insist that the claim was insufficient thereby precluding court action"); *Warren v. United States Dept. of the Interior Bureau of Land Mgmt.*, 724 F.2d 776, 778 (9th Cir.1984) (*en banc*) ("We hold that the agency lacks the power to require that the claimant supplement a notice of claim, that contained enough details about the underlying incident from which the complaint arose to enable the agency to begin its own investigation.") (internal quotations omitted); *Tucker v. U.S.P.S.*, 676 F.2d 954, 957 (3d Cir.1982) ("The question whether a plaintiff has presented the requisite section 2675 notice is determined without reference to whether that plaintiff has complied with all settlement related requests for information.")

The Second Circuit has not determined whether a failure to provide further information—beyond a notice of claim and a sum certain—is fatal to a court's jurisdiction. This court must, therefore, determine whether the plaintiff provided the Navy with sufficient information about the claim to constitute adequate notice required for jurisdiction. For its part, the defendant cites cases in this circuit that found a failure of notice. *See* Def. Br. at 7. In *Schunk v. United States*, 783 F.Supp. 72, 81 (E.D.N.Y.1992), the court found that the plaintiff failed to provide adequate notice because the plaintiff filed only a short, factual statement about a prescription he received at a Veteran's Administration Hospital, thus providing inadequate information for the government to investigate a complex medical malpractice claim. The defendant cites *Keene*, a case in which the plaintiff did not satisfy the notice requirement because it failed to detail its claims with sufficient specificity so as to allow the government to wade through the thousands of factual and legal possibilities among the thousands of suits presented to it. *Keene*, 700 F.2d at 842. The defendant also relies on *Johnson ex rel. Johnson v. United States*, 594 F.Supp. 728, 730 (E.D.N.Y.1984), *aff'd on other grounds*, 788 F.2d 845 (2d Cir.1986). However, the Second Circuit reversed the district court's decision with respect to presentment. *Johnson ex rel. Johnson*, 788 F.2d at 847.

■■■ The defendant's reliance on these cases is misplaced. The plaintiff's claim to the agency was relatively simple: a motor accident caused by the negligence of the Navy's employee, injuries sustained by the plaintiff's subrogor, and a request for a specific sum of damages. This case does not present a vast array of factual and legal possibilities or a vague claim by the plaintiff without any suggestion of a tort claim. As the parties' affidavits reveal, the Navy began an investigation into the plaintiff's claim for $14,817.49. *See* Pl. Br. at Ex. B.; McCr. Decl. at Ex. C, D. This case is unlike *Romulus*, in which "none of the relevant information that would provide

the government with a basis to evaluate the claim is within its possession." 983 F.Supp. at 342. In fact, the Navy clearly had a detailed understanding of the medical evidence regarding the injury to the plaintiff's subrogor, indicating a description of the accident and doctors' findings in detail. McCr. Decl. at Ex. D.

█ The defendant claims that the Navy lacked sufficient evidence regarding the lost wages claim in particular. *Id.* The presentment requirements, however, demand only that the plaintiff provide notice of his claim and a sum certain. They do not require that the plaintiff provide full substantiation of his claim according to the more exacting settlement regulations. *Cf. Sweeney v. American Registry of Pathology,* 287 F.Supp.2d 1, 4 (D.D.C.2003) (indicating that jurisdiction over a FTCA claim does not require that the plaintiff has fully substantiated his claim to the agency). As the circuit courts above have indicated, the agency only need be given sufficient information that it is on notice of a claim, enabling it to begin its investigation. Further, the argument that the plaintiff failed to provide adequate notice must be considered in light of the purpose of the notice requirement. As the defendant indicates, the notice requirement gives the government the opportunity to evaluate and possibly settle claims against it. The Navy had sufficient notice to evaluate and possibly settle the claim before it.

█ While the defendant now argues that the plaintiff failed to provide adequate information, that does not appear to be the reason why the Navy denied the plaintiff's claim. The Navy's initial denial, which gave rise to this complaint, does not indicate that a lack of information was the reason for its denial. McCr. Decl. at Ex. B. The Navy apparently denied the plaintiff's claim because of its interpretation of the law respecting New York's no-fault auto insurance statute. This suggests that the Navy did not actually lack the information it needed to evaluate the plaintiff's claim. *Id.* On this point, the Ninth Circuit has reasoned:

> Section 2675 was not intended to allow an agency to insist on proof of a claim to its satisfaction before the claimant becomes entitled to a day in court. To so hold would permit federal defendants to be judge in their own cause by the initial determination of a claim's insufficiency. The result would not be consistent with the congressional purpose of providing for more fair and equitable treatment of private individuals and claimants when they deal with the Government.

*Avery v. United States,* 680 F.2d 608 (9th Cir.1982) (internal citations and quotations omitted). Here, it appears that to deny jurisdiction would simply be to endorse the Navy's own determination of the insufficiency of the plaintiff's claim. It is at best uncertain that the plaintiff's tort claim against the United States would fail. *See e.g. Cooper v. United States,* 635 F.Supp. 1169, 1171 (S.D.N.Y.1986); *Cole v. United States,* 1986 WL 5805, at *6–7 (S.D.N.Y. May, 16 1986); *but see Alaglan v. U.S. Post Office,* 1993 WL 330446, at *8 (S.D.N.Y. Aug. 23,1993). Accordingly, the defendant cannot bar litigation on the merits by claiming that, since the Navy had determined the plaintiff would not recover, it simply had no notice that a claim alleging the defendant's negligence might give rise to a suit under the FTCA. Notice of a claim is a separate issue from whether that claim is meritorious.

Further, the plaintiff did not refuse to cooperate with the Navy's investigation. While the cited decisions consider the settlements regulations to be non-jurisdictional in nature, they do not condone a plaintiff's flat refusal to cooperate with an agency's effort to investigate. *See e.g.*

*Charlton,* 743 F.2d at 560; *Warren,* 724 F.2d at 785. However, in the instant case, there is no evidence that the plaintiff refused to cooperate with the Navy's investigation. The defendant does not appear to claim that the plaintiff refused to supply the necessary information to the Navy. Although the defendant contests the sufficiency of the information provided by the plaintiff, the plaintiff's standardized claim form and the accident report gave the Navy notice of claim with a sum certain. This information provided the Navy with the information it believed it required to deny the plaintiff's claim, based on the Navy's interpretation of the law. Accordingly, the information was sufficiently specific to provide the Navy with notice of the plaintiff's claim.

For the foregoing reasons, in light of the purposes and requirements of the presentment requirements of 28 U.S.C. § 2675(a), the court rejects the defendant's claim that the plaintiff failed to comply with the presentment requirements of the FTCA. The Navy had sufficient information to constitute notice under 28 U.S.C. § 2675(a).

### B. Filing an Untimely Claim

 The defendant next argues that the plaintiff's claim should be dismissed because it was filed before the appropriate filing time began, and cannot be re-filed because the appropriate filing time has now passed.[1] *See* Def. Br. at 9, 11. The plaintiff filed this claim on January 10, 2003, within six months of a denial letter from the Navy, dated September 24, 2002. Def. Br. at 2. The defendant claims that the Navy's final denial did not actually occur until it sent a letter dated March 11, 2003. Def. Br. at 12. Construing the date

as dispositive for the six-month limit would make the plaintiff's complaint premature.

 The statutory filing requirements of 28 U.S.C. § 2401 demand, in pertinent part, that the plaintiff must file suit within six months of the agency's written, final denial of the plaintiff's claim. A court may not entertain jurisdiction over a claim if the plaintiff has not complied with this requirement. *See McNeil,* 508 U.S. at 111–12, 113 S.Ct. 1980. However, the definition of what constitutes the "final" denial under the FTCA is presently at issue. The defendant cites 28 C.F.R. § 14.9, which provides in pertinent part that:

> Upon the timely filing of a request for reconsideration the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration.

The court must consider whether failure to comply with this regulation can deprive the court of jurisdiction to hear the plaintiff's claim, which was filed before the end of the "reconsideration period" of 28 C.F.R. § 14.9.

 The defendant's argument again raises the issue of how to interpret the regulations promulgated by the Attorney General pursuant to 28 U.S.C. § 2672. If the court reads 28 C.F.R. § 14.9 as jurisdictional, failure to comply with this regulation would require the court to dismiss the plaintiff's claim. If the court does not view the regulation as jurisdictional, failure to comply does not itself deprive this court of jurisdiction. As discussed above, the court will consider the regulations pro-

---

1. This court does not rule on the latter claim as it is not currently before this court. *See Sparrow v. U.S.P.S.,* 825 F.Supp. 252, 253–54 n. 3 (E.D.Cal.1993) (denying consideration of the defendant's argument that any new claim by the plaintiff will be barred by the statute of limitations because that issue was not before the court).

mulgated under 28 U.S.C. § 2672, including 28 C.F.R. § 14.9, as non-jurisdictional.[2]

In *Bond v. United States*, 934 F.Supp. 351, 354 (C.D.Cal.1996), the plaintiff had failed to comply with 28 C.F.R. § 14.9, which was one of the "regulations enacted pursuant to 29 U.S.C. § 2672." In its decision, the *Bond* court considered the guidance of the Ninth Circuit which held that "Congress in fact did not delegate authority to agencies to create regulations that would have jurisdictional impact." *Id.*, at 355 (*citing Warren*, 724 F.2d at 778). *Bond* followed the guidance of the Ninth Circuit and held that 28 C.F.R. § 14.9 is not jurisdictional in nature. *Id.* at 357.

The reasoning of *Bond* is particularly persuasive. First, the court reasoned that, "[i]f Congress intended to authorize the promulgation of jurisdictional regulations, it would have created that authority directly. Congress has never delegated such authority under **section 2675(a)**." *Id.* (citing *Warren*, 724 F.2d at 778). Second, the court stated that

> Congress in § **2672** allowed for administrative regulations to be enacted to facilitate settlement, but it never expressed an intent to repose jurisdictional gatekeeping to the Attorney General by way of regulatory enactment—either by way of raising or lowering jurisdictional hurdles.

*Id.* These arguments strongly support the conclusion that 28 C.F.R. § 14.9 should not be considered jurisdictional in nature.

The reasoning in *Bond* is consonant with the approach taken by at least one court within this circuit, *see Romulus*, 983 F.Supp. at 339–40, and particularly with the comments of Judge Trager in *Glover*, 111 F.Supp.2d at 195. Judge Trager wrote that "[t]he evident purpose behind . . . adoption of reconsideration procedures is to facilitate settlement of claims . . . not to provide the Government with another opportunity to investigate the legitimacy of claims or to otherwise place a stumbling block in the path of plaintiffs." *Glover*, 111 F.Supp.2d at 195. With such reasoning in mind, the court holds that the plaintiff's failure to comply with 28 C.F.R. § 14.9 does not deprive this court of jurisdiction to hear the plaintiff's claims.

 Finally, the defendant argues that the Navy's denial of September 24, 2002 was not a final denial by the agency. Reply Memorandum of Law in Further Support of Defendant's Motion ("Def.Rep.Br.") at 6. This argument is unpersuasive. The letter sent by the Navy on September 24, 2002 functioned as the final denial under 28 U.S.C. § 2675. The reconsideration period itself does not compromise the finality of this denial for the purpose of the jurisdictional requirements of 28 U.S.C. § 2675. *See Bond*, 934 F.Supp. at 357 (holding that the court had jurisdiction to hear complaint when plaintiff filed suit within six months of agency's final denial, despite pending reconsideration). The court considers the September 24, 2002 letter of the Navy to be the final denial. Heeding the warning of the Seventh Circuit, the court does not wish to

---

**2.** The defendant, cites *Clark v. United States*, 974 F.Supp. 895, 897 (E.D.Tex.1996) regarding 28 C.F.R. § 14.9. In that case, the plaintiff's claim was filed during the reconsideration period. The court dismissed the claim as time-barred. *Id.* However, the court did not explain its reasoning for coming to this conclusion, and the dismissal was recognized to

be without prejudice since the plaintiff still had time to re-file the complaint after reconsideration was denied. *Id.* Moreover, this case was decided largely on alternative grounds. *Id.*, at 897–98. Accordingly, *Clark* provides little to support the claim that the court should treat the requirements of 28 C.F.R. § 14.9 as jurisdictional in nature.

create "the anomalous situation whereby an agency could prevent a claimant from going to court by forever requesting additional information. An agency cannot prevent litigation by requesting more information pursuant to 28 C.F.R. § 14.4(b) and, upon failure of a claimant to provide the information, insist that the claim was insufficient thereby precluding court action." *Charlton,* 743 F.2d at 561. In this case, to create a situation where the courts are forced to second-guess the finality of a denial would create a similarly anomalous situation. The more administratively workable rule is to consider that a final denial of the agency in writing is, in fact, final for the purpose of exhaustion under § 2675, irrespective of the possibility for reconsideration by the agency.

Further, it is pertinent that the letter sent by the Navy states that, if the plaintiff does not agree with the denial, the plaintiff "may file suit in the appropriate Federal District Court not later than six months after the date of the mailing of this notification." McCr. Decl. at Ex. B. This direct reference to the language of the FTCA indicates that this is the final denial for the purpose of filing suit under § 2675. It would be unfair to punish a plaintiff for relying on the agency's own clear statement that its written denial triggers the "window of opportunity" to file suit.

The argument that this letter was not sufficiently final to meet the requirements of 28 U.S.C. § 2675 is unpersuasive. Accordingly, the court holds that the plaintiff received a final denial on September 24, 2002 and timely filed a complaint in this court within six months, satisfying the statutory prerequisites. 28 U.S.C. §§ 2401(b), 2675(a). It is unnecessary for the plaintiff to file a new complaint in this court, since the court has jurisdiction to hear the plaintiff's original complaint.

## IV. Plaintiff's Cross–Motion to Enlarge Time to Perfect Service

The plaintiff requests that, if the plaintiff has not met the jurisdictional preconditions to suit, then "plaintiff should be granted enlargement of time to perfect process based on excusable neglect." Pl. Br. at 10. As this court holds that the plaintiff has met the jurisdictional requirements, there is no reason to reach the plaintiff's motion. As a result, it is denied as moot.

## V. CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1) is DENIED, and the plaintiff's motion seeking an enlargement of time to perfect process under FRCP 6(b)(2) judgment on the pleadings is also DENIED as moot. The plaintiff is directed to contact Magistrate Judge Go to schedule a status conference on this matter.

SO ORDERED.