10-2319-cv
Sanon v. Dep't of Higher Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of November, two thousand eleven.

PRESENT:
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                    <u>Circuit Judges</u>,
          EDWARD R. KORMAN,
                    <u>District Judge</u>.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - x

YVES SANON,
          <u>Plaintiff-Appellant</u>,

                    -v.-                                    10-2319-cv

DEPARTMENT OF HIGHER EDUCATION, NCO
FINANCIAL SYSTEMS,
          <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - - - - - - - x

---

[*]     The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:       YVES SANON, pro se, Flushing, New York.

FOR DEFENDANTS-APPELLEES:      VARUNI NELSON, Assistant United States Attorney (Layaliza Soloveichik, Assistant United States Attorney, on the brief), for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York, for U.S. Department of Education.

KEVIN B. MCHUGH, Law Offices of Edward Garfinkel, Brooklyn, New York; David Israel, Justin H. Holmes, Sessions, Fishman, Nathan & Israel, LLC, Metairie, Lousiana, for NCO Financial Systems.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, J.) granting summary judgment dismissing plaintiff-appellant Yves Sanon's complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

We review a grant of summary judgment de novo. Gudmundsson v. United States, 634 F.3d 212, 216 (2d Cir. 2011). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. at 217 (internal quotation marks omitted). In evaluating the record, we must "resolve all ambiguities and draw all permissible factual inferences" in favor of the non-moving party. Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

-2-

Sanon brought this action below against defendants-appellees United States Department of Education ("DOE"), sued herein as the Department of Higher Education, and NCO Financial Systems ("NCO"), a debt collection agency, claiming that they had wrongfully garnished $14,242 from his wages to collect on student loans he purportedly incurred in the 1980s. Sanon denied that he had borrowed the money. Following discovery, defendants moved for summary judgment.

In a memorandum and order filed March 18, 2010, the district court granted the motions, holding that: (1) Sanon's claims under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 2671 et seq., were barred because the complaint did not allege administrative exhaustion and the DOE had no record that Sanon had filed an administrative claim; (2) his claims under the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 701 et seq., were barred because Sanon had failed as a matter of law to show that DOE's actions were arbitrary and capricious; (3) his claims against NCO under the Higher Education Act (the "HEA"), 20 U.S.C. §§ 1070 et seq., were barred because Sanon had no private right of action against NCO under the HEA and Sanon had failed in any event to show that NCO had taken any action to violate his federal rights; and (4) the court would not exercise supplemental jurisdiction over Sanon's state claims against NCO.

We have conducted an independent review of the record, and we affirm the district court's grant of summary judgment dismissing the complaint. First, as to the APA claims against

-3-

DOE and the claims against NCO, we affirm for substantially the reasons set forth by the district court below. Sanon's bare assertion, for example, that he never received the student loans at issue was unsupported by any concrete or specific evidence, and it was contradicted by ample documentary evidence submitted by DOE. See Davis v. State of New York, 316 F.3d 93, 100 (2d Cir. 2002) ("[R]eliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion."). Likewise, with respect to the claims against NCO, the HEA does not provide student borrowers a private right of action to enforce its provisions. Josey v. Sallie Mae, Inc., No. 09 Civ. 4403 (AJP), 2009 WL 2518643, at *5 & n.8 (S.D.N.Y. Aug. 17, 2009).

Second, with respect to Sanon's claims pursuant to the FTCA, we conclude that the district court erred in holding that Sanon did not comply with the FTCA's administrative exhaustion requirement. 28 U.S.C. § 2675(a). Sanon did administratively exhaust his claims -- by contesting the garnishment of his wages through the DOE, which resulted in a final agency decision dated March 15, 2004. See DOE App. 173 ("Our findings are conclusive and constitute [DOE]'s final decision on your objections."). Nonetheless, we affirm on an alternative ground. See Freedom Holdings, Inc. v. Cuomo, 624 F.3d 38, 49 (2d Cir. 2010) ("We may affirm the district court's decision on any ground appearing in the record."). By waiting until September 13, 2006 to file suit in the district court, Sanon exceeded the FTCA's six-month limitations period. See 28 U.S.C. § 2401(b) (requiring

-4-

commencement of any tort claim against United States within six months of agency's "final denial"); <u>Willis v. United States</u>, 719 F.2d 608, 612-13 (2d Cir. 1983).  Hence, the FTCA claims were untimely.

We have considered Sanon's other arguments on appeal and have found them to be without merit.  Accordingly, the decision of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK