NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2861
_____

MARILYN HUERTERO, Individually
MARILYN HUERTERO as G/A/L for J.A.,
Appellants

v.

UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES; JOHN AND JANE DOES #1-10
(representing presently unidentified physicians, nurses,
technicians, radiologist, assistants, etc)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-13-cv-03739)
District Judge: Honorable Michael A. Shipp
_____

Argued on January 12, 2015
Before:  McKEE, *Chief Judge*, HARDIMAN and SCIRICA, *Circuit Judges*.

(Filed: March 3, 2015)

Aaron J. Fickes
Schnader Harrison Segal & Lewis
750 9th Street, N.W., Suite 550
Washington, DC 20006

Nancy Winkelman [Argued]
Schnader Harrison Segal & Lewis
1600 Market Street, Suite 3600
Philadelphia, PA 19103

James D. Martin, Jr.
Martin Kane & Kuper
180 Tices Lane, Suite 200, Building B
East Brunswick, NJ 08816
        *Attorneys for Plaintiff - Appellant*

David V. Bober [Argued]
Office of United States Attorney
402 East State Street
Trenton, NJ 08608

Caroline A. Sadlowski
Office of United States Attorney
970 Broad Street, Room 700
Newark, NJ 07102
        *Attorney for Defendants - Appellees*

_____

OPINION[*]
_____

HARDIMAN, *Circuit Judge*.

Marilyn Huertero appeals an order of the District Court dismissing her civil action arising under the Federal Tort Claims Act (FTCA). On the unusual facts of this case, we conclude that the District Court erred. Accordingly, we will reverse and remand.

I

In 1946 Congress passed the FTCA, which allows private parties to sue employees

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

of the federal government in defined circumstances. In this appeal, there is no dispute that Huertero had a right to file a medical malpractice action under the FTCA against her obstetrician, Dr. Adam Repole. The sole question is whether her suit was timely.

The FTCA required Huertero to present her claim to the appropriate federal agency—here, the Department of Health and Human Services (HHS)—within two years of its accrual. *See* 28 U.S.C. § 2401(b). Unaware that Dr. Repole (a private practitioner working at a private hospital) was caring for Huertero pursuant to a federal program, Huertero's counsel sued Repole in New Jersey state court on February 14, 2012, the day before the state's two-year statute of limitations was to expire. Because Dr. Repole was deemed a federal employee at all times relevant to the case, Huertero had sued Repole in the wrong forum and the two-year window she had to present her FTCA claim to HHS had closed.

This error was not fatal to Huertero's case, however, because the Westfall Act—Congress's 1988 amendment to the FTCA—established a procedure by which an FTCA action that is filed in the wrong forum (such as the state court here) will be removed by the Attorney General to federal district court, at which point the United States is substituted as defendant, the case is dismissed for failure to exhaust administrative remedies, and the plaintiff gets a second chance to file the FTCA claim with the appropriate federal agency. *See* 28 U.S.C. § 2679(d). Critical to this appeal, the Westfall Act contains a tolling provision (known as its "savings clause"), which states that a

3

plaintiff's FTCA claim will not be time-barred as long as it: (1) would have been timely had it been filed on the date that the wrongly filed action was brought; and (2) is presented to the correct federal agency within 60 days of the federal district court's dismissal of the wrongly filed action. *Id.* § 2679(d)(5).

Thus, for a tort action to avoid dismissal under the FTCA statute of limitations after it was mistakenly filed in state court, the plaintiff must have: (1) filed her state court action within two years of the alleged injury; (2) presented her FTCA claim to the correct federal agency within 60 days of the removal and dismissal of the wrongly filed state court action; and (3) if denied by the agency, appealed to federal district court within six months.

Huertero satisfied all three requirements, but there is a complication: Instead of waiting for the process contemplated by the Westfall Act to unfold, her counsel jumped the gun and filed an administrative claim with HHS on May 9, 2012, which was more than two years after the claim accrued but before the Attorney General removed her state court action to federal court. As might have been expected, HHS summarily dismissed Huertero's claim as untimely and denied her motion for reconsideration. In the agency's view, which was correct at the time, Huertero's case was over before it began. Meanwhile, after a delay of almost six months, the Attorney General finally removed Huertero's state case to federal court on August 24, 2012 and filed a *pro forma* motion to dismiss three days later. At this point, Huertero's counsel assumed the District Court

4

would summarily dismiss the case, allowing the claim to be submitted to HHS for adjudication on the merits. Accordingly, her counsel failed to file a second federal action within six months of HHS's denial of her motion for reconsideration.

The District Court complicated matters by waiting until March 7, 2013 to file an order granting the Government's *pro forma* motion to dismiss.[1] The very next day, Huertero filed her second administrative claim with HHS. But having ruled on the case previously, HHS returned that claim to her on April 12, 2013. Two months later, Huertero filed the federal court action that is the subject of this appeal.

Soon after Huertero filed her second action in federal court, the Government filed a motion to dismiss, which the District Court granted. The Court rightly noted that Huertero's first HHS claim was untimely because it was filed more than two years after her alleged injury. And it found her second federal action untimely because it was filed more than six months after HHS's denial of her first administrative claim. As for Huertero's argument that the savings clause of the Westfall Act rendered her claim timely, the Court disagreed, finding that Huertero's second HHS claim was a nullity. "To have the Court disregard the First Administrative Action," the trial judge explained, "would 'allow a claimant an opportunity to reopen the FTCA's limitations window by the

---

[1] The District Court's delay in ruling on the Government's *pro forma* motion was unfortunate. Had the order issued in the normal course, Huertero probably could have filed a timely federal court appeal of HHS's denial of her motion for reconsideration.

5

simple expedient of re-filing a claim to supplant an earlier, functionally equivalent claim on which the window had shut.'" *Huertero v. United States*, 2014 WL 1744815, at \*5 (D.N.J. April 30, 2014) (quoting *Roman-Cancel v. United States*, 613 F.3d 37, 42 (1st Cir. 2010)). Huertero appealed.

## II[2]

This appeal turns on the question of when the Westfall Act's savings clause is triggered. The District Court concluded that it was triggered when Huertero filed her first administrative claim with HHS. Although this is a plausible reading of the law, we believe the better reading is that the savings clause was triggered when the District Court entered its order dismissing Huertero's action on March 7, 2013.

Before the FTCA was amended, a plaintiff like Huertero who mistakenly sued in state court would be without a remedy if the federal statute of limitations expired while the case was pending in the wrong forum. *See Santos v. United States*, 559 F.3d 189, 193 (3d Cir. 2009). Since the Westfall Act was passed, that once out-of-luck plaintiff may now pursue her claim anew as long as: "(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim *is presented* to the appropriate Federal agency within 60 days after dismissal of the civil

---

[2] We have jurisdiction to review the District Court's final judgment under 28 U.S.C. § 1291. We review issues of statutory interpretation de novo. *Seamans v. Temple Univ.*, 744 F.3d 853, 859 (3d Cir. 2014).

action." 28 U.S.C. § 2679(d)(5) (emphasis added).

We hold that Huertero satisfied both requirements. First, she filed her underlying state court action exactly two years after her claim accrued. Consistent with the Westfall Act, the United States was substituted as a party, the case was removed to the District Court, the Government moved to dismiss on August 24, 2012, and the District Court entered an order dismissing the case on March 7, 2013. Huertero presented her claim to HHS the very next day, well within 60 days of that dismissal. And when HHS advised her it would not consider that claim, she appealed to the District Court well within the FTCA's six-month limitations period.[3] Accordingly, the District Court has subject matter jurisdiction over Huertero's case.

The Government contends that the Westfall Act's savings clause requires that a claim be *presented for the first time* to the correct federal agency within 60 days of dismissal. On this view, the fact that Huertero presented her claim to the agency within 60 days of dismissal of her second HHS claim is irrelevant. The Government acknowledges that the Westfall Act's savings clause may be ambiguous, but aptly notes that "when the sovereign elects to subject itself to a statute of limitations, the sovereign is given the benefit of the doubt if the scope of the statute is ambiguous." Gov't Br. 23

---

[3] To be clear, we hold that the Westfall Act relieves a plaintiff of the FTCA's requirement that she present her claim to the proper agency within two years of accrual, not its requirement that she file a district court action within six months of that agency's denial (if such a denial occurs). If Huertero had failed to file her federal action within six months of HHS's April 12, 2013 denial, her claim would have been untimely.

7

(quoting *BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 96 (2006)). The Government urges us to avoid a policy that would permit plaintiffs to file the same (or nearly the same) administrative claim again and again, effectively restarting the clock for filing an FTCA claim *ad infinitum*. *See* Gov't Br. 20–23 (citing *Roman-Cancel*, 613 F.3d at 42 ("[O]ne bite at the apple is all that the FTCA's claim-filing scheme allows."); and *Willis v. United States*, 719 F.2d 608, 613 (2d Cir. 1983) (Friendly, J.) ("If Congress mandated that suit be brought within six months after administrative denial of a claim . . . the bar cannot be avoided by starting all over again.")). The Government's concern in this regard is well-founded, and we agree with it as a general proposition. When applied to the peculiar facts of this case, however, that concern is inapposite.

Here, at the time Huertero filed her first HHS claim, the Westfall Act's savings clause was not yet implicated. The Government had not substituted itself as a party, the case had not been removed to federal court, the Government had not moved to dismiss for failure to exhaust administrative remedies, and the District Court had not dismissed the case. Rather, the savings clause was triggered when the District Court finally dismissed the wrongfully filed state court claim on March 7, 2013 and Huertero presented her (second) HHS claim the next day. Unlike in *Roman-Cancel*, a case upon which the Government and the District Court both relied, Huertero's second HHS claim was not "functionally equivalent" to her first administrative claim. *See* 613 F.3d at 42. Huertero's first HHS claim was barred by the FTCA's two-year limitation period, but her second

8

HHS claim was rendered timely by operation of the Westfall Act's savings clause.

Our decision today should not be misconstrued to permit a plaintiff in Huertero's shoes to restart the six-month clock by filing new HHS claims that are "functionally equivalent" to earlier claims. Doing so would impermissibly expand the Westfall Act's waiver of sovereign immunity and, as the First Circuit noted in *Roman-Cancel*, serve "no legitimate purpose." *Id.* One bite at the apple is, indeed, all that the Westfall Act allows. In this unusual case, because Huertero's first HHS claim preceded the process contemplated by the Westfall Act, her first (and only) true bite at the apple came in the form of the second claim she filed with HHS.

III

For the reasons stated, we will reverse the order of the District Court and remand the case for further proceedings consistent with this opinion.

9