# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2022

Lyle W. Cayce
Clerk

No. 21-30376

Nathaniel Broussard,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:21-CV-355

Before Wiener, Graves, and Duncan, *Circuit Judges*.
Stuart Kyle Duncan, *Circuit Judge*:

After an alleged collision with a mail vehicle, Nathaniel Broussard submitted a claim to the U.S. Postal Service under the Federal Tort Claims Act ("FTCA"), seeking about $15,000 for damage to his truck. The postal service denied his claim because Broussard's insurance covered it. Under the FTCA, this triggered a six-month window in which Broussard could either seek reconsideration or sue. He did neither. Instead, over eight months later, Broussard filed a second claim with the postal service, now seeking $2 million for back injuries from the same incident. Broussard's claim was denied. He sued. The district court dismissed his suit as time-barred. We affirm.

No. 21-30376

## I.

Broussard claims he was involved in a car crash with a U.S. Postal Service ("USPS") driver in Sulphur, Louisiana, on November 14, 2019. The postal vehicle allegedly pulled out of a private driveway and struck Broussard's Ford F-150. As a result, Broussard filed a Standard Form 95 ("SF-95") with the USPS on December 2, 2019, seeking $15,169.58 in property damage. He did not list any damages under the "Personal Injury" and "Wrongful Death" sections of the SF-95. Under the section asking about the extent of his injuries, Broussard wrote "None so far."

The USPS denied Broussard's claim in a letter sent on March 26, 2020. The basis for the denial was that Broussard had submitted a claim to State Farm Insurance for the same incident. The letter also notified Broussard of his options if he was unhappy with the denial. He could sue in federal court "no later than six (6) months after the date the Postal Service *mails* the notice of that final action," or, also within six months, he could "file a written request for reconsideration with the postal official who issued the final denial of the claim."

Broussard did neither. Instead, on December 1, 2020, Broussard—now represented by an attorney—sent in another SF-95. This SF-95 described the same November 14, 2019 collision but now claimed Broussard "sustained injuries to his lower back." It requested $2,000,000 in personal injury damages and $0 in property damages. The USPS denied Broussard's claim again. By letter dated February 2, 2021, the USPS stated Broussard's six-month period for suing or seeking reconsideration had elapsed on September 26, 2020. The letter added that Broussard was "not entitled to submit more than one claim resulting from the November 14, 2019 motor vehicle collision," and noted that, to the extent the second SF-95 meant to seek administrative reconsideration, it was untimely.

No. 21-30376

On February 9, 2021, Broussard sued the United States under the FTCA, seeking damages for his injuries from the November 14, 2019 incident. The government moved to dismiss or, alternatively, for summary judgment, arguing Broussard's claim was untimely because he did not sue within six months of the March 2020 denial. In response, Broussard argued the six-month period began upon the mailing of the February 2021 denial of his second SF-95. The district court granted summary judgment for the government, concluding Broussard could not restart the limitations period by filing a second SF-95 for the same accident. The court also found no basis to allow equitable tolling. Broussard timely appealed.

II.

"We review summary judgments *de novo*, applying the same standards as the district court." *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*, 37 F.4th 1078, 1083 (5th Cir. 2022); *see* FED. R. CIV. P. 56(a). "We review a district court's determination that equitable tolling does not apply for abuse of discretion." *Roe v. United States*, 839 F. App'x 836, 842 (5th Cir. 2020) (citing *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)).

III.

On appeal, Broussard contests the district court's ruling that his suit was time-barred. He contends that, while the USPS denied his claim for property damages in his first SF-95, it never denied his personal injury claim in his second SF-95. Alternatively, Broussard argues the doctrine of equitable tolling should apply. We disagree on both points.

The FTCA provides the "exclusive" remedy for tort claims against the federal government and its employees. 28 U.S.C. § 2679(b)(1); *see* 39 U.S.C. § 409(c) (suits against USPS); 39 C.F.R. § 912.11 (exclusiveness of remedy). It "authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government

employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003) (citing 28 U.S.C. §§ 1346(b)(1), 2674). An FTCA claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim." 28 U.S.C. § 2401(b). Failure to meet either of these deadlines means a claim is "forever barred." *Id.*

Broussard argues that because he claimed "[n]one so far" under the personal injury section of his first SF-95, a valid claim with respect to his personal injuries was never presented. And because it was not presented, it could not have been denied. He cites two cases for this proposition: *Montoya v. United States*, 841 F.2d 102 (5th Cir. 1988), and *Green v. Warden, MCC Chicago*, 2008 WL 4866329 (N.D. Ill. Aug. 7, 2008). Neither supports his argument.

In *Montoya*, we explained that a "valid [FTCA] notice requires a writing that informs the agency of the facts of the incident and the amount of the claim." 841 F.2d at 105. That case involved plaintiffs who provided insufficient facts about their injuries and failed to include any specific sum of damages. *See id.* at 104–05; *see also* 39 C.F.R. § 912.5 (requiring a "sum certain"). Broussard's case is different. Unlike the *Montoya* plaintiff, he provided adequate facts to put the USPS on notice of the relevant incident. He also provided a specific sum—$15,169.58—representing his claimed amount of property damage. This damages amount could have been (but never was) supplemented with personal injury damages through procedures

that allow for amendment of one's claim or reconsideration of a denial. *See* 39 C.F.R. §§ 912.5(b), 912.9(b)–(d).[1]

In *Green*, the district court considered whether the Bureau of Prisons had denied the plaintiff's entire administrative claim or merely the portion respecting property damage. 2008 WL 4866329, at *6. The court ultimately ruled the plaintiff could proceed with his personal injury claims because the denial letter explicitly referred only to a property claim. *Ibid.* Again Broussard's case is different. The USPS's March 2020 denial letter referred to Broussard's entire "administrative claim" and stated "this claim is denied." In no way did the USPS limit its denial only to property damage claims.

Ultimately, Broussard's first SF-95 presented his entire claim based on the November 14, 2019 accident. This claim could have been amended to include personal injury damages or appealed—all consistent with the procedures outlined in the FTCA. When the USPS denied that claim on March 26, 2020, the six-month clock started running, and it stopped ticking on September 26, 2020. During that time, Broussard neither sought reconsideration nor filed suit. Accordingly, the district court correctly ruled that Broussard's action is untimely and his claim is therefore "forever barred." 28 U.S.C. § 2401(b).

---

[1] Our dissenting colleague relies on *Montoya*, *post* at 2–4, but as explained that decision is distinguishable. The dissent also relies on *Copen v. United States*, 3 F.4th 875 (6th Cir. 2021), *post* at 5, but that decision is also inapposite. In *Copen*, the plaintiff never provided a sum certain for personal-injury damages within the FTCA's two-year window, and so the personal-injury claim was untimely. 3 F.4th at 883. Here, because Broussard's allegations of personal injury arise from the same incident as his allegations regarding property damage, the relevant limitations period is the six-month window following the denial of the first SF-95. And no sum certain for personal injury was provided within that window of time.

No. 21-30376

Broussard's argument assumes a crucial premise: that his second SF-95 presents a claim distinct from his first one because it seeks personal injury instead of property damages. That is mistaken. His second SF-95 refers to the same November 14, 2019 incident as his initial SF-95. Broussard offers no authority for the proposition that the two SF-95s, despite arising out of the same incident, present distinct claims for purposes of the FTCA's six-month limitations period. To the contrary, "one bite at the apple is all that the FTCA's claim-filing scheme allows." *Román-Cancel v. United States*, 613 F.3d 37, 42 (1st Cir. 2010). And limitations on the FTCA's waiver of sovereign immunity must be strictly construed in favor of the United States. *See, e.g.*, *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999) (collecting authorities). Filing a duplicative claim more than six months after filing the first one, as Broussard has done here, cannot restart the six-month clock.[2]

Having established that Broussard's suit is untimely, we briefly consider Broussard's argument regarding equitable tolling. Equitable tolling is "applied 'sparingly,'" *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011), and is justified when a plaintiff has pursued his rights diligently but "'some extraordinary circumstance stood in his way' and prevented a timely filing," *Holland v. Florida*, 560 U.S. 631, 649 (2010). Broussard identifies no such extraordinary circumstance here, so the district court did not abuse its discretion in denying equitable tolling.

---

[2] Our dissenting colleague relies on *Lopez v. United States*, 823 F.3d 970 (10th Cir. 2016), to argue that Broussard's second SF-95 is not duplicative. *Post* at 5. But that case did not address whether Lopez's second claim should have been brought before the agency within six months of the first claim's denial. Thus, nothing in *Lopez* contradicts the proposition that Broussard should have submitted his allegations of personal injury to the USPS within six months of the denial of his first SF-95.

No. 21-30376

## IV.

The district court's judgment is AFFIRMED.

No. 21-30376

JAMES E. GRAVES, JR., *Circuit Judge*, dissenting:

Weeks after the alleged accident, Broussard submitted an FTCA claim for damage to his truck. Under the section for the extent of his personal injuries, Broussard wrote "None so far," and under the section for personal injury damages, he wrote "N/A". The USPS denied the claim because Broussard had submitted an insurance claim "for the same incident." According to Broussard, the claim he submitted to State Farm was for the truck damage.

A year later, Broussard submitted a claim for personal injuries arising out of the accident. The USPS dismissed the claim, and Broussard filed suit for personal injury damages seven days later. The district court concluded that the action was barred because Broussard failed to sue for personal injury within six months of USPS's denial of his first claim for truck damage.

Affirming the district court's decision, my colleagues conclude that a "claim" encompasses all damages arising from the same incident, whether presented or not. Based on FTCA case law and regulations defining a properly presented claim, I would find that Broussard's later claim for personal injury damages is separate from his earlier claim for property damage and therefore timely.

I.

Under the FTCA, valid notice must be given within two years of a claim's accrual. The purpose of this presentment requirement is to "allow the federal agency promptly to investigate and, if appropriate, settle claims without having to resort to federal courts." *Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 449 (5th Cir. 2014). "A claim is properly presented within the meaning of § 2675(a) when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim." *Id.* at 448; *see also* 39 C.F.R. § 912.5(a).

Whether the claim has been presented within two years depends on when Broussard presented his personal injury claim to the USPS. My colleagues conclude he did so in his first SF-95 for property damages. But FTCA regulations provide that "a claim shall be deemed to have been presented when the [USPS] receives from a claimant . . . an executed Standard Form 95 . . . accompanied by a claim for money damages in a sum certain." 39 C.F.R. § 912.5(a). Because Broussard's first claim only contained a sum certain for *property* damages, the question is whether this writing properly presented his *personal injury* damages as well.

## II.

*Montoya v. United States* is instructive for determining the relationship between FTCA claims and damages. *See* 841 F.2d 102 (5th Cir. 1988). On July 27, 1984, Plaintiff Maria Montoya and her three children were involved in a vehicle accident with an Immigration and Naturalization Service ("INS") employee. *Id.* at 103. On August 2, 1984, Montoya submitted an SF-95 on her own behalf seeking recovery of $1,596.42 for property damages and $780.97 for personal injuries. *Id.* The INS granted her claim, and Montoya received a voucher for her requested damages. *Id.*

On October 10, 1984, counsel for Montoya informed the INS via letter that Montoya had "suffered property damages in excess of $1,500" and that she and her three children had suffered various personal injuries including back injuries, whiplash, fractured ribs, and shoulder injuries. *Id.* The letter also stated these injuries would be "known in better detail once medical examinations have been completed." *Id.* at 104. No dollar value was assigned to the personal injuries.

On November 9, 1984, INS responded to Montoya's counsel, providing SF-95 forms for her to complete on behalf of her children. *Id.* The INS also asked for supporting documentation for the personal injuries

asserted by each claimant. *Id.* The INS advised that if Montoya wished to file another claim for herself, she should return the voucher, and it would consider her second claim. *Id.* Over a year and a half passed without any response from Montoya or her counsel. On July 28, 1986, Montoya filed suit against INS on behalf of herself and her children. *Id.* The district court dismissed the claims for failure to properly seek administrative relief. *Id.*

On appeal, this court affirmed the dismissal. It analyzed the regulations governing notice requirements under the FTCA and stated that "valid notice requires a writing that informs the agency of the facts of the incident *and* the amount of the claim." *Id.* at 105 (emphasis added). Turning to the letter from Montoya's counsel, it distinguished her requests for property damage and personal injury stating, "Ms. Montoya does suggest an amount for part of her damages; the letter speaks of property damages 'in excess of $1,500.00,' but she fails to quantify her personal injury claim." *Id.* This court ultimately concluded "that Montoya did not give valid notice" regarding the personal injury claim because she provided neither a specific dollar amount for her children's injuries nor her own. *Id.*

This decision counsels that *each* injury must be assigned a dollar value to constitute valid notice of a claim. Montoya's first SF-95 included a sum certain for both property damages and personal injury. But that form and her subsequent letter were still insufficient to properly present Montoya's new claims for her and her children's personal injuries.

My colleagues distinguish Broussard's situation from Montoya's by claiming that, unlike her, he provided adequate facts to put the USPS on notice of the incident and a specific sum for his property damages. But Montoya did exactly that with her first SF-95. Still, this court concluded that her second claim for her additional injuries and her children's injuries was not properly presented. Broussard properly presented his property damages

No. 21-30376

claim by "inform[ing] the agency of the facts of the incident and the amount of the claim." *See* 841 F.2d at 105. But while Broussard's first claim for property damage may have "inform[ed] the agency of the facts of the incident," it did not inform USPS about the extent or the amount of his personal injuries which gave rise to this case. *Id.*

The Sixth Circuit similarly tied damages and claims together under the FTCA in *Copen v. United States*, 3 F.4th 875 (6th Cir. 2021). There, Plaintiff Kelly Copen filed an SF-95 with USPS due to an alleged vehicular accident involving her, her father, and USPS. *Id.* at 878. Under "Personal Injury/Wrongful Death," Copen indicated that the extent of their injuries was unknown. *Id.* She included a vehicle repair estimate, and she sent a rental car estimate that same day. *Id.* USPS paid these property damages. *Id.* Copen then filed suit for personal injury arising from the accident. Addressing whether Copen could proceed with her personal injury claim, the Sixth Circuit distinguished damages arising out of the same incident as separate claims stating, "[t]he fact that [Copen] provided a sum certain for her property damage claim cannot rescue her personal injury claim." *Id.* at 883.

Like the court in *Montoya*, I would decline to find that Broussard's first claim for property damage gave sufficient notice of his second claim for personal injuries and construe these as separate claims.

## III.

My colleagues cite *Román-Cancel v. United States* for the proposition that "one bite at the apple is all that the FTCA's claim-filing scheme allows." 613 F.3d 37, 42 (1st Cir. 2010). But the First Circuit limited the scope of its statement: "This holding applies to claims that are essentially duplicative of one another. We take no view of the propriety of a successive claim that is, in some meaningful sense, new." *Id.* at n.4. So, the question is whether Broussard's second claim is duplicative.

*Román-Cancel* involved a plaintiff who submitted an administrative claim alleging negligent reduction of his disability benefits and then submitted a second claim "once again alleging negligent reduction of his benefits." *Id.* at 40. Since "[t]he papers in the case describe only a single injury: the (allegedly negligent) reduction of the plaintiff's disability benefits . . . the only inference that can be drawn is that both claims relate to that injury." *Id.* at 42.

On the other hand, the Tenth Circuit addressed Plaintiff Leonard Lopez's successive FTCA claims in *Lopez v. United States*, 823 F.3d 970, 977 (10th Cir. 2016). First, it noted its requirements for presenting a claim: "(1) a written statement describing the injury in sufficient detail to allow the agency to begin an investigation into the possibility of potentially tortious conduct, and (2) a request for a sum certain in damages." *Id.* at 976. Lopez's original administrative claim contained medical negligence claims against two providers who performed a surgery on him, but "[n]othing in Lopez's administrative claim provided the government with notice that it needed to investigate whether the VA Hospital was negligent in credentialing and privileging [one of the surgeons], and it was in turn deprived of any opportunity to settle this potential claim without litigation." *Id.* at 977. Thus, the Tenth Circuit concluded that "Lopez's administrative claim did not reasonably encompass his negligent credentialing and privileging claim." *Id.*

Likewise, Broussard's first SF-95 detailed the circumstances of the car accident and the damages to the car, but it did not quantify or describe any personal injuries. Broussard first described and quantified his claim for personal injuries—thus providing valid notice—on December 1, 2020, when he submitted an SF-95 for $2,000,000. Therefore, I would find that his second claim is not duplicative because it presented new injuries that were not encompassed in his first claim.

IV.

Finally, I turn to Broussard's alternatives for preserving his personal injury claims. My colleagues state that Broussard's claim "could have been (but never was) supplemented with personal injury damages through procedures that allow for amendment of one's claim or reconsideration of a denial." (citing 39 C.F.R. §§ 912.5(b), 912.9(b)–(d)). While this may provide direction to claimants seeking to add newly discovered damages to their administrative claims in the future, it is not clear that these options were available to Broussard. For one, only a "claim presented in compliance with paragraph (a) of this section may be amended by the claimant[.]" 39 C.F.R. § 912.5(b). Broussard's original SF-95 only included a sum certain for property damage, so the USPS may have prohibited him from amending his personal injury claim since he did not properly present it in the first place. *See Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280 (4th Cir. 2000) ("Since Kokotis' original filing did not include a sum certain, it was not presented in compliance with § 912.5(a) and therefore not subject to amendment under § 912.5(b)."). Likewise, reconsideration is only available upon the "[f]inal denial of an administrative claim." 39 C.F.R. § 912.9(a). My colleagues claim "[i]n no way did the USPS limit its denial only to property damage claims," but Broussard states the only claim he turned over to State Farm was for the property damage. In its letter, the USPS stated that the Broussards had advised a USPS employee that "this claim has been turned over to State Farm Insurance for the same incident. Therefore, this claim is denied." In context, the letter naturally reads as limited to a denial of his property damage claim instead of an invitation to seek reconsideration for personal injury damages he never submitted to USPS or State Farm.

By limiting raising new injuries to these two avenues, FTCA claimants may lose their ability to seek damages for physical injuries that develop later if they submit a claim for other damages immediately. There is no need for

claimants to face this dilemma because the two-year deadline already limits the filing of second non-duplicative claims. This is what Broussard did here. He sought damages he was aware of immediately. He then discovered other damages within the two-year limitations period that he did not include in his first claim. The Sixth Circuit also recognizes this limit with its rule that "the damages amount need not be provided on the initial claim if it is furnished to the agency within the limitations period." *Copen*, 3 F.4th at 883.

This dilemma also frustrates the purpose of the administrative claim presentment rule. If claimants file immediately with plans of supplementing later, the agency will not be able to investigate injuries that have not fully accrued thereby eliminating the prospect of prompt settlements. If claimants wait until the end of the limitations period to be sure of the extent of their injuries, then the agency will not be able to perform a prompt investigation and may even lack evidence it would have had if the claimant brought the claim immediately.

## V.

For these reasons, I would conclude that Broussard's personal injury claim is a separate non-duplicative claim. It is also timely. Broussard presented the second claim within two years of the accident, and USPS effectively denied it on February 2, 2021 by stating it could not consider a successive filing related to the same incident. This denial started the six-month window for Broussard to either request reconsideration or file a lawsuit. Broussard initiated a lawsuit seven days later, on February 9, 2021, well within the sixth months allowed. Accordingly, I would reverse the district court's grant of summary judgment. I respectfully dissent.